(No. 55843.—

MELVIN E. LEVY *et al.*, Appellants, v. THE METRO-POLITAN SANITARY DISTRICT OF GREATER CHICAGO, Appellee.

*Opinion filed September 17, 1982.*

SIMON, J., took no part.

Roger L. Price and Michael G. Berland, of Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, of Chicago, for appellants.

Allen S. Lavin, of Chicago (James B. Murray and Jack L. Shankman, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Two separate class actions were filed in the circuit court of Cook County against defendant, the Metropolitan Sanitary District of Greater Chicago, alleging, *inter*

*alia,* that defendant had negligently distributed under the name of Nu-Earth, for use in residential gardens, a sludge-derived fertilizer and soil conditioner which contained dangerous levels of cadmium. One action was brought by Melvin E. Levy and the other by Dino Raffaelli and Theresa Raffaelli, in each instance in their own behalf and "on behalf of all other persons similarly situated." The circuit court allowed defendant's motions to dismiss the class action allegations of the complaints. Although the circuit court had previously entered an order consolidating the causes "for trial," separate orders of dismissal were entered. Each order of dismissal provided, pursuant to Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), that "there is no just reason to delay enforcement or appeal." Plaintiffs appealed, and the appellate court, *sua sponte,* consolidated the causes and then dismissed the appeals on the ground that there was no final appealable order. (100 Ill. App. 3d 714.) We allowed plaintiff Levy's petition for leave to appeal.

Citing *Hayna v. Arby's, Inc.* (1980), 99 Ill. App. 3d 700, *Daar v. Yellow Cab Co.* (1967), 67 Cal. 2d 695, 433 P.2d 732, 63 Cal. Rptr. 724, *Bell v. Beneficial Consumer Discount Co.* (1975), 465 Pa. 225, 348 A.2d 734, and *Roemisch v. Mutual of Omaha Insurance Co.* (1974), 39 Ohio St. 2d 119, 314 N.E.2d 386, plaintiff contends that the dismissal of the class allegations in plaintiff's amended complaint foreclosed judgment for or against the class, and is therefore final and reviewable as is any other final order.

It is defendant's position that the decision of the appellate court is consistent with our opinion in *Getto v. City of Chicago* (1981), 86 Ill. 2d 39, and that the appeal was properly dismissed.

Plaintiff argues that a distinction must be drawn between an order denying the certification of a class and an order which effects the dismissal of plaintiff's class

action allegations. He concedes that the denial of certification is not an appealable order immediately reviewable pursuant to Supreme Court Rule 304 but contends that because the dismissal of the class action allegations determines the action it is a final and appealable order. The appellate court in *Hayna v. Arby's, Inc.* (1980), 99 Ill. App. 3d 700, held that dismissal of class allegations was a final order appealable pursuant to Supreme Court Rule 304(a). The *Hayna* court distinguished *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, on the ground that the order denying class certification in that case was subject to amendment prior to a decision on the merits, whereas the order in *Hayna* terminated the class action aspects of the case.

Other jurisdictions have differed on whether an order granting or denying class status is final. (See Annot., 54 A.L.R.3d 595 (1974).) Until the Supreme Court's opinion in *Coopers & Lybrand v. Livesay* (1978), 437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454, there was a conflict in the Federal circuits. *Livesay* held that orders entered prior to the termination of the litigation granting or denying class status may be appealed only under the interlocutory appeals act. (28 U.S.C. sec. 1292 (1976).) There is nothing in the opinion to indicate that a distinction is made between an order denying certification or decertifying a class and an order dismissing the class action allegations of a complaint.

We agree with the appellate court that neither an order denying class certification or decertifying a class nor an order dismissing class action allegations is final and that such orders "may be appealed from prior to the termination of the litigation only under the interlocutory appeal provisions of the Supreme Court Rules." (100 Ill. App. 3d 714, 718.) We have considered the rationale of *Hayna*, but we find no impediment to the circuit court's changing or amending an order of dismissal of the class

action aspects of a cause in the same manner as an order denying or decertifying a class. Furthermore, an order of dismissal can be as effectively reviewed on appeal from the final judgment as can orders denying certification or decertifying a class.

The procedural rules governing class actions and interlocutory appeals in Illinois are patterned on comparable Federal rules. (*Getto v. City of Chicago* (1981), 86 Ill. 2d 39.) Our holding here conforms the appellate practice of this jurisdiction to the Federal rules and is consistent with *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583.

For the reasons stated we affirm the judgment of the appellate court dismissing the appeal. Because of the uncertainty resulting from the conflicting decisions of the appellate court concerning whether an appeal lay under the provisions of Rule 304(a) or under Rule 308(a) (73 Ill. 2d R. 308(a)), the cause is remanded to the circuit court of Cook County with directions to consider its order in the light of Rule 308(a) and for further proceedings consistent with this opinion.

*Affirmed and remanded,*
*with directions.*

JUSTICE SIMON took no part in the consideration or decision of this case.