O-KAY SHOES, INC., Plaintiff-Appellee, v. EDWARD J. ROSEWELL, Treasurer of Cook County, Defendant-Appellant.

First District (2nd Division)  Nos. 83—3097, 84—0017 cons.

Opinion filed December 18, 1984.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and James McVane, Assistant State's Attorneys, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky and Berkson, of Chicago (Alvin R. Becker, Alvin W. Block, and Steven P. Garmisa, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff commenced this action against the treasurer of Cook County seeking individual and class relief to recover the income earned by the treasurer on condemnation judgment awards from the date of deposit by the condemning authority to the date of distribution to the condemnees. The trial court entered judgment in favor of the individual plaintiff, determined that the suit met the prerequisites for maintenance as a class action and conducted an accounting to determine class recovery. Defendant appeals.

On March 4, 1982, plaintiff, O-Kay Shoes, Inc., filed a class action complaint for injunctive and other relief in the circuit court of Cook County against defendant, the treasurer of Cook County. Plaintiff had been a commercial tenant of a parcel of real estate which became part of the subject of a condemnation proceeding initiated by the city of Chicago. A judgment of condemnation of all interests in the subject property, including plaintiff's interest, was entered in the condemnation proceeding on December 3, 1981. As a result, plaintiff was to receive monetary compensation for its interest in the condemned property and the owner of the property, Central National Bank of Chicago, was to receive an additional, larger amount as compensation.

On January 29, 1982, an order was entered upon motion of Central National Bank to withdraw the proceeds. That order directed defendant to pay $15,000 to plaintiff and $160,421.74, less 1981 real estate taxes, to Central National Bank and provided that this payment constituted "a full acquittance to the Treasurer of Cook County, Illinois in and for said sums so paid over." On December 31, 1981, the city of Chicago had deposited the condemnation judgment amount with defendant, who invested it so as to earn income. The income earned by defendant on the amount of plaintiff's condemnation award was $145.83. On February 4, 1982, defendant paid the sum of $15,000 to plaintiff, but did not pay plaintiff any of the income earned on that amount while it was held by defendant.

Plaintiff's class action complaint is based upon its contention that the failure of defendant to pay plaintiff, and others similarly situated, all income earned from the investment of condemnation awards constitutes an unlawful deprivation of private property without due process of law in violation of the Federal and Illinois constitutions.

In two separate orders entered by the trial court on February 3, 1983, plaintiff's motions for class determination, class definition, summary judgment, and the striking of defendant's amended affirmative defense were each granted. Subsequently, following the completion of accounting procedures on certain of defendant's records, the trial court entered an order incorporating the findings of the February 3, 1983, orders and finding in favor of the plaintiff class and against defendant.

■ Defendant first contends that the doctrine of *res judicata* barred plaintiff from maintaining its cause of action because "the plaintiff, the defendant, and the underlying subject matter of the cause of action" had been incorporated into the December 3, 1981, condemnation judgment. This contention is not supported by the record, however, because defendant in the instant case was not a party to the condemnation action and because the instant case, seeking the recovery of income from the county treasurer, is not the same cause of action as the condemnation action. Because the case at bar is not between the same parties and does not involve the same cause of action as the prior condemnation action, the doctrine of *res judicata* cannot apply to bar plaintiff from maintaining the instant suit. See *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 203, 64 N.E.2d 450.

■ Defendant argues that the provisions of the condemnation judgment ordering the treasurer to pay the condemnation awards and providing that such payment "shall constitute a full acquittance to the Treasurer of Cook County, Illinois in and for said sums so paid over" estops plaintiff from claiming interest on the condemnation award in the instant action. However, because this language was not determinative of a material issue in the condemnation action, it does not bar the maintenance of the instant action. (See *Hunter v. Troup* (1924), 315 Ill. 293, 297-98, 146 N.E. 321.) We therefore find that the trial court did not err when it found the doctrine of *res judicata* inapplicable to the instant action.

■ Defendant next contends that the trial court erred in allowing plaintiff's action to be maintained as a class action. In order for an action to be maintained as a class action, the court must find that:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Ill. Rev. Stat. 1983, ch. 110, par. 2—801.)

A trial court has broad discretion in determining whether an action may be maintained as a class action, and its determination should be given great respect by a reviewing court. *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 464, 389 N.E.2d 565.

█ Defendant argues that the second criterion for maintenance of a class action has not been met because plaintiff has not demonstrated that there exist common questions of law or fact which predominate over questions affecting only individual class members. In ruling on the issue of class certification, the trial court in the instant case had before it the pleadings of both parties and certain discovery material, which disclosed that defendant, in his capacity as county treasurer, received the proceeds of plaintiff's condemnation award, on which he earned $145.83 interest which was not paid to plaintiff; that from February 1, 1980, to August 31, 1982, defendant received 710 condemnation awards, from which he earned income of $1,005,557.55; and that during this period only one condemnee was paid the earnings from his condemnation award. It is therefore clear that the record contains sufficient facts to support the trial court's finding that there existed common questions which predominated over questions affecting only individual class members.

Defendant argues that plaintiff failed to prove that the claims of other class members were not barred by *res judicata* as plaintiff's claim allegedly was. In *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, our supreme court stated:

"No doubt there will be situations where there may be questions peculiar to certain members of the class. However, once there is a determination that there exists a question of fact or law common to the class and that this predominates the question affecting only individual members, the statute is satisfied." (69 Ill. 2d 320, 340-41.)

Furthermore:

"In a class action it is appropriate to litigate the questions of law or fact common to all members of the class and after the determination of the common questions to determine in an an-

cillary proceeding or proceedings the questions that may be peculiar to individual class members." *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 466, 389 N.E.2d 565, citing *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 340-42.

Because the trial court in the instant case correctly determined that questions common to all class members existed, we find that the trial court did not err in allowing this action to proceed as a class action.

■ Defendant next contends that the trial court erred in finding that the retention by defendant of income earned from the investment of condemnation award deposits is unlawful. Defendant argues that the trial court incorrectly relied upon our supreme court's decision in *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 399 N.E.2d 1295.

In *Morton Grove*, the plaintiff condemnee appealed the amount of its condemnation award and sought to recover income earned on the condemnation award by the county treasurer during the pendency of its appeal. The supreme court, in finding that the plaintiff was entitled to the income earned by the treasurer, determined that funds held by the county treasurer "are private funds belonging to the condemnees" (78 Ill. 2d 353, 360), and that "[t]he use of the award money by the county treasurer, to earn interest which is not paid to the owner but to the county, is clearly a taking of private property for public use." 78 Ill. 2d 353, 362.

However, defendant contends that the decision of this court in *Locasio v. Rosewell* (1977), 50 Ill. App. 3d 704, 365 N.E.2d 949, is applicable here. In *Locasio*, we held that condemnation awards deposited with the county treasurer are "county moneys" under sections 1 and 6.1 of "An Act concerning county treasurers ***" (Ill. Rev. Stat. 1979, ch. 36, pars. 17 and 22.1), and that the interest earned on such funds is to be deposited into the county corporate fund, rather than paid to the condemnee.

However, the *Morton Grove* decision interpreted the term "county moneys" in section 1 as referring to money other than that which constitutes private property, and consequently found that condemnation awards are not "county moneys" under the statute. (*Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 364.) We therefore find that, given this interpretation of the statute, the *Locasio* decision can no longer be construed as permitting the retention by the county treasurer of income earned on condemnation awards deposited with him. See *In re Air Crash Disaster Near Chicago* (7th Cir. 1981), 644 F.2d 633, 641 n.12.

Defendant argues that *Morton Grove* is distinguishable from the case at bar on its facts because *Morton Grove* dealt with interest earned by the county treasurer during the pendency of an appeal by the condemnee, while in the instant case plaintiff has not appealed the sufficiency of its condemnation award. We find that the language in *Morton Grove* is not limited to instances in which the condemnee appeals the sufficiency of the condemnation award. The court in *Morton Grove*, in defining the ownership of condemnation award moneys deposited with the county treasurer, did not limit its findings to those cases in which the condemnee has appealed the amount of the award. The court based its decision upon its interpretation of the general statutory provisions concerning the earnings on money deposited with the county treasurer. (Ill. Rev. Stat. 1979, ch. 36, pars. 17, 22.1.) It concluded that such money "belonged to the condemnees and at no time did the county have a legitimate claim to it or any interest in it." *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 365.

We hold, therefore, that the trial court correctly determined that the decision of our supreme court in *Morton Grove* required the payment to plaintiff of the income earned by defendant on its condemnation award.

The decision of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and PERLIN, J., concur.