THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant and Cross-Appellee, v. FRED WEISZMANN *et al.*, Defendants-Appellees and Cross-Appellants.

Second District   No. 2—88—0864

Opinion filed June 30, 1989.

274

Neil F. Hartigan, Attorney General, of Springfield, and Connolly, Ekl & Williams, P.C., of Clarendon Hills (Stephen J. Connolly, of counsel), for the People.

Paul E. Hamer, of Northbrook, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the State of Illinois, filed suit in the circuit court of Lake County, seeking to quiet title to three parcels of real estate and naming as defendants Fred Weiszmann, William W. Janssen, and Malissa Vander Goten. Defendants, Weiszmann and Janssen, filed an answer and counterclaim seeking to quiet title against the State's claim in the subject parcels. Defendant Vander Goten never filed an appearance or any response to the State's complaint and is not a party to this appeal. Defendants moved for class certification which was denied. The State and defendants filed cross-motions for summary judgment. The circuit court granted defendants' motion, and the State appeals. Defendants cross-appeal from the denial of their motion for class certification.

The issues raised are: (1) whether *laches* bars the State from seeking to quiet title; (2) whether the Illinois marketable title act bars the State's claim; (3) whether the State has title to the subject property superior to that of defendants; (4) whether the amended judgment should be reversed as containing legal conclusions and inaccurate statements of fact which infer that there are no factual issues in this case; and (5) whether the circuit court erred in denying defendants' motion for class certification.

The parties submitted a stipulation of facts for the purpose of ruling on their respective motions for summary judgment. According to the stipulation, in 1839 the Federal government surveyed the Fox River, which runs through the bodies of water known as Nippersink and Pistakee Lakes, and established a meander line known as the "Government Meander Line of 1839." In 1890, the Federal government surveyed three bodies of land located between the 1839 meander lines, known as Watt's Island, Nett's Island and Riverside Island. In 1891, the Federal government issued a patent to Watt's Island to Mr. Edwin M. Hale.

The subject property of this lawsuit also lies between the 1839 meander lines and has been above water since 1890. The subject property consists of three parcels. Parcel one consists of approximately 11.6 acres and is connected to Watt's Island. Parcel two is comprised of approximately 13.8 acres and is also connected to Watt's Island. Parcel three is an approximately 1.1-acre island adjacent to Watt's Island. (See Appendix.) Title to Watt's Island as it existed in 1890 is not at issue in this case.

Since 1928, defendant Janssen and his predecessors in title claimed the subject property under claim or color of title and paid all taxes and assessments on the three parcels until 1972. In November 1973 defendant Weiszmann purchased the subject property for nonpayment of taxes, and tax deeds were issued to Weiszmann in 1976. Weiszmann paid all taxes and assessments on the property up to the filing of the stipulation.

Defendant Janssen, in 1965, filed suit in the circuit court of Lake County to quiet title to the subject property. The suit named the State as a party, but the State, upon its own motion, was dismissed from the case. In April 1974, the circuit court of Lake County declared Janssen to be fee simple owner of the three subject parcels subject to the rights, if any, of the State. The stipulations further provide that since 1839 the State has not attempted to establish title in or contested title to the subject property prior to the filing of this lawsuit.

We initially address the State's contention that the written judgment as amended must be reversed because it contains legal conclusions and inaccurate statements of fact which create an inference that there are no factual issues regarding certain findings contained in the written judgment. This contention is without merit, however, as all but one of those findings is a legal conclusion based upon the stipulated facts. As to the finding that master's deeds had been issued to Janssen in 1928, while we find no basis in the stipulations for such a finding, any discrepancy between the finding and the stipulations in that regard is nonprejudicial as that finding is not critical to the outcome of this appeal.

We next address the issue of whether *laches* bars the State's claim in this case. The State contends that *laches* does not apply to the State under usual circumstances, and, even if it does apply in this case, the elements have not been met.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112, 514 N.E.2d 188.) While summary judgment may be an expeditious method of disposing of a lawsuit, it is also a drastic means and therefore should be allowed only when the right of the movant is clear and free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.

The doctrine of *laches* is not ordinarily applied to the State. (*Pavlakos v. Department of Labor* (1985), 111 Ill. 2d 257, 265, 489 N.E.2d 1325; *Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d

427, 447-48, 220 N.E.2d 415.) The reluctance to apply equitable principles against the State does not, however, amount to an absolute immunity under all circumstances. (*Hickey*, 35 Ill. 2d at 448, 220 N.E.2d at 425-26; *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674, 679, 472 N.E.2d 1228.) The State may be barred by *laches*, even when acting in its governmental capacity, under extraordinary circumstances. *Hickey*, 35 Ill. 2d at 448-49, 220 N.E.2d at 426; *Haeflinger*, 129 Ill. App. 3d at 679, 472 N.E.2d at 1232.

■■ We begin by noting that defendant Janssen's claim to the subject property arose in 1928. We, therefore, need only consider the conduct of the State related to the three parcels as of 1928, although it was stipulated that since the government meander lines were established in 1839, the State has not attempted to establish title or contested title except in this suit. In this regard, the State has done nothing to enforce its claim and has not taken any action consistent with ownership between 1928 and 1978, the date it filed this lawsuit. Not only did the State fail to assert any claim to the property, it took affirmative action reflecting its disinterest in the property by moving for and receiving dismissal from the 1965 suit to quiet title in which Janssen was subsequently found to have fee simple title subject to the rights, if any, of the State. Additionally, the State did not object to Weiszmann's purchase of the property for nonpayment of taxes at a public sale in November 1973 or to the issuance of the tax deeds in 1976. Thus, under these extraordinary circumstances it is proper to apply the doctrine of *laches* to the State's claim.

■■ ■ It must be determined, however, whether *laches* actually bars the State's claim under these circumstances. *Laches* is an equitable doctrine to be invoked or rejected in the trial court's discretion and will operate to bar equitable relief where the failure to assert a right, along with a lapse of time and other circumstances, causes prejudice to the adverse party. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 329, 410 N.E.2d 12; see *People ex rel. Daley v. Strayhorn* (1988), 121 Ill. 2d 470, 482, 521 N.E.2d 864.) Here, the stipulated facts are that defendant Janssen has claimed title to the property since 1928 and Weiszmann since 1976, a period of approximately 50 years prior to the State filing suit. The State never took any action to quiet title or otherwise assert ownership in the property during those 50 years and moved to be dismissed from a suit to quiet title in 1965. Furthermore, the State did nothing to challenge Janssen's acquisition of the subject property, nor did it object in any way to Weiszmann's purchase or the issuance of the tax deeds.

Defendants have also suffered prejudice due to the State's failure to exert its claimed interest in the subject property. Payment of taxes for a substantial period of time will justify invocation of *laches.* (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 555, 147 N.E.2d 341; *Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 339, 466 N.E.2d 1342.) Here, Janssen and his predecessors paid taxes and assessments on the property from 1928 to 1972. Janssen also filed a lawsuit in 1965 in which he attempted to quiet title, and the State moved successfully to dismiss itself from the action. The case was in litigation for nine years before Janssen was awarded fee simple title to the property subject to the rights, *if any,* of the State. Weiszmann paid taxes and assessments from 1973 until the time this suit was filed. Under these circumstances, it was not an abuse of discretion for the trial court to find that *laches* barred the State from enforcing in this suit brought in 1978 any claim it might have to the three parcels. (See *Hickey,* 35 Ill. 2d at 449-50, 220 N.E.2d at 427.) Therefore, the trial court did not abuse its discretion in granting summary judgment in favor of defendants as to any claim the State might have in the subject property. Because of our disposition of this issue, we need not address any of the remaining issues raised in the State's appeal.

In their cross-appeal, defendants contend that the circuit court erred in denying their motion for class determination. In this motion, defendants generally alleged that the class consisted of "all persons or entities owning real property which lies between the original meander lines of the river, lakes and streams established after the State of Illinois was admitted into the Union in 1818." They further stated that the proposed class was over one million in the State and more than 10,000 in Lake County and that there were questions of law common to the class, which include whether the State of Illinois is entitled to the ownership of lands lying between the original meander lines of the rivers, lakes, and streams of the State. The circuit court denied the motion, finding, *inter alia,* that defendant could not adequately represent the interests of the entire class and that the notice requirements are insurmountable. The court also found that the doctrine of sovereign immunity did not apply.

In a motion to reconsider this decision, defendants further suggested that the class be reduced from a Statewide class to a class of defendants purporting to own lands which lie within the government meander line of the Fox River which lies in Lake and McHenry Counties, reducing the class to approximately 350 property owners.

This motion was also denied.

Defendants' contention on appeal is that the class action is appropriate because, otherwise, each individual property owner in the future will have to defend an action by the State when it seeks to acquire land or will have to file a separate suit in order to quiet title to relicted land on rivers. Defendants argue that they complied with the requirements of acting as a class representative as set forth in section 2—801 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—801).

The State responds that the proposed class determination filed by defendants is against the State of Illinois and is barred by the doctrine of sovereign immunity. The State alternatively asserts that the circuit court properly denied the motion for class certification as the defendants did not identify the facts which might show common legal issues for resolution, and further note that the defendants themselves may have opposing interests so that they cannot adequately represent the class.

■■ ■ The prerequisites for the maintenance of a class action are:

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." (Ill. Rev. Stat. 1987, ch. 110, par. 2—801.)

The named plaintiffs in a class action have the burden of establishing the statutory prerequisites (*Wheatley v. Board of Education* (1984), 99 Ill. 2d 481, 486, 459 N.E.2d 1364), and the trial court's decision whether to certify a purported class is a matter of sound discretion which will be reversed only upon a clear abuse of discretion or the application of impermissible legal criteria. *Schlenz v. Castle* (1981), 84 Ill. 2d 196, 203, 417 N.E.2d 1336.

■■ In their motion, defendants have failed to show that there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. (Ill. Rev. Stat. 1987, ch. 110, par. 2—801(2).) The test to be applied under section 2—801(2) is that so long as there are questions of fact or law common to the class and these predominate over

questions affecting only individual members of such class, the statutory requisite is met. *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 16, 428 N.E.2d 478.

Defendants' motion for class determination stated that the common question of law was whether the State of Illinois is entitled to the ownership of the lands lying between the original meander line of the rivers, lakes and streams in the State. The motion to reconsider sought to narrow the class to Lake and McHenry County landowners along the Fox River. While this may be the ultimate issue as to some, or even assuming all of the proposed class members, such factual questions as to the time of acquiring the interest in the property, the source of the title, the location of the property, and the application of legal and equitable principles in each case would be unique. Defendants have not shown in their general motion for class determination that the questions of fact or law are common to the class and predominate over questions affecting only individual members of the class. (See *Key v. Jewel Cos.* (1988), 176 Ill. App. 3d 91, 95-98, 530 N.E.2d 1061; *Goetz v. Village of Hoffman Estates* (1978), 62 Ill. App. 3d 233, 238, 378 N.E.2d 1276.) We find no abuse of discretion in the denial of the motion for class determination.

In view of our disposition of the cross-appeal on the above basis, we need not reach the issue whether the filing of the motion for class determination by defendants against the State in this action initially brought by the State against defendants in the circuit court is barred by the doctrine of sovereign immunity.

The judgment of the circuit court is affirmed.

Affirmed.

NASH and WOODWARD, JJ., concur.