BEHZAD ESHAGHI, Indiv. and on Behalf of All Persons Similarly Situated, Plaintiff-Appellant, v. HANLEY DAWSON CADILLAC COMPANY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—90—1887

Opinion filed June 5, 1991.

996

RIZZI, J., dissenting.

Alexander, Finnerty & Green, of Chicago, for appellant.

Rosenthal & Schanfield, of Chicago (Robert R. Tepper and Lynn M. Esp, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Behzad Eshaghi, filed an interlocutory appeal from an order of the circuit court denying plaintiff's motion for class certification because the plaintiff failed to show (1) he was a member of the class he sought to represent and (2) common questions of law and fact predominate.

Although we agree that plaintiff is unable to show himself to be a member of the proposed class of those customers of defendant who were deceived or misled into paying a 6% surcharge for consumables, we believe that common questions of law and fact do predominate among members of the proposed class. However, class certification requires that both of the above elements be present.

Accordingly, we affirm the order of the circuit court.

Plaintiff's original complaint alleged the defendant, Hanley Dawson Cadillac Co., posted a sign in its service department stating a labor rate of $57 per hour for repair and servicing. However, defendant charged 6% more for "consumables" on Cadillacs only, serviced at its facility. "Consumables" appear to be supplies such as lubricants, chemicals, disposable paper floormats and small parts such as nuts and bolts, too inconsequential to list and price. It is the refund of this 6% that plaintiff seeks on behalf of defendants' affected customers.

Subsequently, plaintiff testified at his deposition that he did not recall seeing such sign when he delivered his car to defendant for service, but noted a sign regarding the 6% charge when he retrieved his car later during the day. He further testified that he had no conversations with any of defendant's employees with regard to the amount charged for the work to be done, the labor rate, or, for that matter, any other part of the transaction.

In contradiction to this testimony, plaintiff thereafter filed a second amended complaint alleging he was orally advised of the $57 per hour labor rate at the time of delivery to defendant although not advised of the 6% charge for "consumables" at that time.

Pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), the trial court certified the following question:

> "Where the Complaint alleges either (a) a total absence of disclosure of a 6% surcharge, or (b) a disclosure made in a manner that had the effect on consumers of concealing the information and/or making disclosures that were misleading and confusing in violation of the Consumer Fraud and Deceptive Business Practices Act and the Uniform Deceptive Trade Practices Act, was it an abuse of discretion for the trial court to deny class certification on the grounds that plaintiff is not a member of the class and that there is no predominant common factual issue?"

Let us first consider the appropriateness of the trial court's certification. Interlocutory appeals under Rule 308(a) must involve a "question of law as to which there is substantial ground for difference of opinion." Here the trial court has been required to sift through the testimony of plaintiff and compare that testimony with the pleadings to determine whether the plaintiff has carried his burden to require certification of the class. This is not, strictly speaking, a "question of law" as contemplated by Supreme Court Rule 308. The certified question requires this court to determine whether, based on the facts adduced at hearing, the trial court abused its discretion.

While there appear to be differences between the parties as to the evidence or lack thereof, it is appropriate for us, given the structure and complexity of the question certified, to consider this as a mixed question of law and fact. Therefore, it is necessary for us to examine the facts and essential elements of plaintiff's complaint in order to arrive at an appropriate answer to the question certified. It should be noted, however, that an appellate court may not add to or expand upon the questions certified to it by the court below. *E.g., Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409; *State ex rel. Skinner v. Lombard Co.* (1982), 106 Ill. App. 3d 307, 436 N.E.2d 566.

Rule 308 imposes two criteria to justify an interlocutory appeal. First, there must be a substantial ground for difference of opinion. Second, in the conjunctive, "an immediate appeal may materially advance the ultimate determination of the litigation." (*Voss v. Lincoln Mall Management Co.* (1988), 166 Ill. App. 3d 442, 444, 519

N.E.2d 1056; *Ewing v. Liberty Mutual Insurance Co.* (1985), 130 Ill. App. 3d 716, 717, 474 N.E.2d 949.) The record indicates that plaintiff has acknowledged that he will dismiss the case below in the event reviewing courts affirm the order denying class certification.

In this appeal, plaintiff contends that he meets the requirements of class certification set out in section 2—801 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—801):

"An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

The trial court denied plaintiff's motion for class certification based on plaintiff's lack of membership in the proposed class. To adequately represent the class, plaintiff must be a member of the class. *McCabe v. Burgess* (1978), 57 Ill. App. 3d 450, 453, 373 N.E. 2d 327, *rev'd on other grounds* (1979), 75 Ill. 2d 457, 389 N.E.2d 565, citing *Rodriguez v. Credit Systems Specialists, Inc.* (1974), 17 Ill. App. 3d 606, 610, 308 N.E. 2d 342.

The notion that a plaintiff must be a member of the class would seem to be so elementary that it need not be mentioned. However, the Illinois statute does not appear to be patently clear on that point. The 1977 Illinois statute was modeled after Rule 23 of the Federal Rules of Civil Procedure, which governs class certification in the Federal courts. (28 U.S.C.A. R. 23 (West Supp. 1990).) Rule 23 provides explicitly that "one or more members of a class may sue or be sued as representative parties." 28 U.S.C.A. R. 23(a) (West Supp. 1990).

On the other hand, section 2—801 of the Illinois Code of Civil Procedure provides in relevant part that "a party may sue or be sued as a representative party of the class only if the court finds" the four criteria set out in both the State statute and Federal rule. Ill. Rev. Stat. 1987, ch. 110, par. 2—801.

■ This court can look to Illinois cases before and subsequent to the enactment of section 2—801 since this section was meant to codify prior Illinois decisional law. *Morrissy v. Eli Lilly & Co.* (1979), 76 Ill.

App. 3d 753, 394 N.E.2d 1369; Forde, *Illinois' New Class Action Statute*, 59 Chi. Bar Rec. 120 (1977).

The Illinois courts have not permitted a person to act as a representative who has no connection with the class. *Rodriguez*, 17 Ill. App. 3d 606, 308 N.E.2d 342; Ill. Ann. Stat., ch. 110, par. 2—801, Historical and Practice Notes, at 87 (Smith-Hurd 1983).

In *Rodriguez*, plaintiffs sought to represent Spanish-speaking customers of the defendant who had been assessed improper service charges with respect to certain consumer contracts. Plaintiffs, however, had cancelled their contracts with the defendant, and the court found that since they were not presently indebted to defendant nor had been previously by reason of the contract cancellation, they were not appropriate class representatives.

We are faced with a similar set of facts in the case at bar. The class that plaintiff seeks to certify consists of those customers of defendant who were deceived or misled into paying a 6% surcharge for "consumables." Plaintiff has challenged the method chosen to inform consumers about the additional charge, alleging that it is likely to deceive and confuse customers. However, plaintiff, as a member of the proposed class, is unable to present any factual allegations that he saw any signs or was orally informed of the original charge to be made for service rendered to his motor vehicle:

"Q. And did you ask him how much it would cost?

A. I don't remember.

Q. Do you remember anything else occurring at the time you took your car in and had that conversation with the man, anything else about that?

A. Really, I don't remember any conversation with that man.

Q. Okay. Do you remember seeing any of the signs that may have been posted in the dealership when you took your car in?

A. No."

In *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 14, 428 N.E.2d 478, the court noted that the test to determine adequacy of representation is whether the interests of those who are parties are the same as those who are not joined and whether the litigating parties fairly represent those not joined. In that case, each potential plaintiff had received exactly the same promotional offer and letter from the defendant, and performed the same actions toward defendant. In the present case, plaintiff has not been consistent in his portrayal of defendant's actions towards its customers. Because plaintiff cannot pinpoint defendant's offensive actions, he cannot fairly represent

other litigants to be joined. We agree with the trial court's finding that plaintiff cannot be a member of the class.

■ Our supreme court has clearly defined the role of the appellate court in reviewing class certifications. Generally, class certification is a matter within the sound discretion of the trial court and only a clear abuse of that discretion or application of impermissible legal criteria would justify reversal of the trial court's decision. *McCabe*, 57 Ill. App. 3d 450, 373 N.E.2d 327.

The trial court ruled that even if plaintiff were a proper member of the class, he did not meet the section 2—801(2) standard requiring that a common question of law or fact predominate over any questions affecting only individual members.

The trial court noted substantial differences existed surrounding the individual transactions and that some customers might have been informed of the surcharge and understood it, notwithstanding the signs, while other customers may never have read or seen the signs, or may or may not have been orally informed of the surcharge. Hence, the court below reasoned there were no predominant common questions of fact affecting the rights of members of the proposed class.

We disagree with the trial court on this issue.

■ To determine whether common questions of law or fact predominate in the certification of a class action, the court must inquire into the issues raised and standard of proof required by the substantive law upon which plaintiff's complaint is based. (*Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.) Plaintiff's complaint is based upon violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 262), and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 312) (hereinafter collectively Consumer Fraud Act).

■ In interpreting the Consumer Fraud Act, courts have declined to use the restrictive elements of common law fraud and have been willing to give effect to the legislative goals behind enactment of this genre of consumer protection legislation. (*Carl Sandburg Village Condominium Association No. 1 v. First Condominium Development Co.* (1990), 197 Ill. App. 3d 948, 557 N.E.2d 246; *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 486, 461 N.E.2d 78; *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 284, 430 N.E.2d 1012.) Those cases and numerous others echo the theme of the Consumer Fraud Act's policy to give broader protection than common law fraud or negligent misrepresentation by prohibiting

any "deception, fraud, false pretense *** misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment *** in the conduct of any trade or commerce." (Ill. Rev. Stat. 1987, ch. 121½, par. 262.) Accordingly, the standard of proof required is lenient and does not require that "any person has in fact been misled, deceived or damaged thereby." Ill. Rev. Stat. 1987, ch. 121½, par. 262.

In *Brooks* (47 Ill. App. 3d 266, 361 N.E.2d 815), the first case in Illinois to recognize a class action under the Consumer Fraud Act, misleading advertisements of services and subsequent overcharge by a car muffler installer were the basis for a determination that common questions of law and fact predominated. The court noted that the standard of proof required under the Consumer Fraud Act was for defendants to intend to create reliance and not any actual reliance by potential plaintiffs. (*Brooks*, 47 Ill. App. 3d at 272.) The same considerations are present in the case at bar.

The Uniform Deceptive Trade Practices Act provides that when a party, in the course of his business or occupation, engages in any conduct that creates a likelihood of confusion or misunderstanding, there occurs a deceptive trade practice. Accordingly, in order to prevail, a plaintiff need not prove actual confusion or misunderstanding. Ill. Rev. Stat. 1987, ch. 121½, par. 312 (12).

The Consumer Fraud and Deceptive Business Practices Act incorporates by reference the proscribed activities set out in the Uniform Deceptive Trade Practices Act. See also *Buechin v. Ogden Chrysler-Plymouth, Inc.* (1987), 159 Ill. App. 3d 237, 511 N.E.2d 1330.

█ Even without resort to the relaxed standards of proof envisioned by the Consumer Fraud Act, Illinois has been hospitable to maintenance of class actions and has been willing to recognize that common questions of law and fact predominate in a great many situations. The requirement of individual proofs in a matter is not a bar to the maintenance of a class action. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

In *Purcell & Wardrope Chartered v. Hertz Corp.* (1988), 175 Ill. App. 3d 1069, 530 N.E.2d 994, the court rejected Hertz's argument that auto leases which were individually negotiated, had varying security deposits, and were individualized to various customers regarding those security deposits would defeat class certification. The court found that class certification may be appropriate even though certain questions exist which require individual determination since these questions may be considered within subclasses, thus retaining the common predominating issue.

■■■ Even differing State laws which affect various members of a class will not defeat certification. In Illinois, commonality is not destroyed even where members of the class may be differently affected by applicability of the statute of limitations, doctrine of *laches*, good-faith and unclean hands doctrines, exhaustion of contract or other remedies. *Wenthold v. AT&T Technologies, Inc.* (1986), 142 Ill. App. 3d 612, 491 N.E.2d 1263 (an action to recover past overtime payments due under Minimum Wage Law); *Martin v. Heinold Commodities, Inc.* (1985), 139 Ill. App. 3d 1049, 487 N.E.2d 1098, *aff'd* (1987), 117 Ill. 2d 67, 510 N.E.2d 840 (an action for the payment of foreign service fees in connection with commodity options).

Common questions of law or fact may predominate even where some claims might be barred by *res judicata*. (*O-Kay Shoes, Inc. v. Rosewell* (1984), 129 Ill. App. 3d 405, 472 N.E.2d 883.) Claims need not be exact duplicates to qualify for class certification, thus allowing a class action against a health care service where subscribing members have differing claims. (*Carrao v. Health Care Service Corp.* (1983), 118 Ill. App. 3d 417, 454 N.E.2d 781.) A similar rule obtained in an action against a book publisher for overcharges and common questions of law and fact predominated although many of the customers had been undercharged, according to the evidence adduced at the certification hearing. *Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316.

Perhaps the first case to cite section 2—801 of the Illinois Code of Civil Procedure was *Hoover v. May Department Stores Co.* (1978), 62 Ill. App. 3d 106, 378 N.E.2d 762, the statute being enacted during the pendency of the case on appeal. The court believed that the codification of section 2—801(2) "undercut[ ] the vagaries *** developed over the years as to what goes into making a sufficient 'community of interest' " and concluded that although the residents of two States and thousands of defendants' customers were involved in an action relating to differences in trading stamp policies, the policies of the company provided a factual nexus sufficient to establish the class. *Hoover*, 62 Ill. App. 3d at 114. (Note: this case was not decided under the statute; rather, the court used the statute as a guide.)

From time to time, Illinois courts have declined to certify a proposed class and have determined that the requisite common questions of law or fact are not present: *People v. Weiszmann* (1989), 185 Ill. App. 3d 273, 541 N.E.2d 205, a quiet-title suit to determine ownership of certain lands lying between rivers and streams; *Blake v. State Farm Mutual Automobile Insurance Co.* (1988), 168 Ill. App. 3d 918, 523 N.E.2d 85, failure of defendant to adequately offer increased

underinsured motorist coverage where there was no evidence that there was injury to all members of the proposed class, absent intervening factors such as an accident; and *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1985), 137 Ill. App. 3d 84, 484 N.E.2d 349, dramshop liability insurance customers brought action to recover premiums paid for excess coverage where the right of recovery under the policy was statutorily limited although rates and coverage were available through the Department of Insurance, sales were made through various independent brokers, and some members of the purported class were required to purchase excess coverage by third parties.

A plethora of Illinois cases reveals that Illinois does not require the class members to have exact and duplicate causes of action and that the parties may have significant differences in their claims and yet be identified as members of a plaintiff class. The case-by-case analysis makes it abundantly clear that the case at bar is compatible with *Brooks, Hertz* and their progeny, rather than the three cases last cited, which declined class certification.

Many of the cases indicate that factual differences among class members may require establishing subclasses to adequately fulfill the mandate of section 2—801(3), which requires the representative party to fairly and adequately protect the interests of the class.

In a large and impersonal society, class actions are often the last barricade of consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required to pursue what would often be trivial relief. In the case at bar, plaintiff's individual claim is for approximately $10.

*Hoover* (62 Ill. App. 3d 106) cites a particularly compelling statement with regard to the philosophy to be considered in determining the basis for class certification:

> " 'To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action— private suits or governmental actions—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.' "
> *Hoover*, 62 Ill. App. 3d at 112, quoting Landers, *Of Legalized*

*Blackmail & Legalized Theft: Consumer Class Actions & the Substance-Procedure Dilemma*, 47 So. Cal. L. Rev. 842, 845 (1974).

 While we strongly believe that members of the class plaintiff seeks to certify are linked by predominant questions of law or fact, the court below is affirmed because of plaintiff's inability to show that he is a member of the class which he seeks to represent. His testimony indicates that he is unable to consistently identify what actions or omissions of the defendant were misleading, and the contradictions between various complaints and his deposition testimony do not point to a recollection accurate enough for certification as a class representative.

Accordingly, we affirm.

Affirmed.

CERDA, P.J., concurs.

JUSTICE RIZZI, dissenting:

We assumed jurisdiction of this appeal when two justices signed an order allowing the plaintiff's petition for leave to appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). The order, however, was improvidently granted. I would therefore vacate the order allowing plaintiff's petition for leave to appeal and dismiss the appeal for lack of jurisdiction.

The appeal is from an order denying class certification. An order denying class certification is not a final order and therefore may not be appealed prior to an entry of a final order unless an appeal is allowed pursuant to Supreme Court Rule 308. (See Ill. Const. 1970, art. VI, §6; *Levy v. Metropolitan Sanitary District of Greater Chicago* (1982), 92 Ill. 2d 80, 83, 440 N.E.2d 881, 883; *Anschul v. Sitmar Cruises, Inc.* (7th Cir. 1976), 544 F.2d 1364 (reviewing related provision in 28 U.S.C. §1292(b) 1988).) Supreme Court Rule 308 provides:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on

motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." 134 Ill. 2d R. 308.

Here, the purported question of law that was identified by the trial court is as follows:

> "Where the Complaint alleges either (a) a total absence of disclosure of a 6% surcharge, or (b) a disclosure made in a manner that had the effect on consumers of concealing the information and/or making disclosures that were misleading and confusing in violation of the Consumer Fraud and Deceptive Business Practices Act and the Uniform Deceptive Trade Practices Act, was it an abuse of discretion for the trial court to deny class certification on the grounds that plaintiff is not a member of the class and that there is no predominant common factual issue?"

Plainly, the above question is neither a question of law nor a question as to which there is substantial ground for difference of opinion. Rather, it is merely a convoluted interrogative sentence involving the discretion of the trial court based upon facts that are peculiar to this case.

The majority does nothing more than blink at the requirement in Supreme Court Rule 308 that there be a question of law as to which there is substantial difference of opinion. The majority states:

> "This is not, strictly speaking, a 'question of law' as contemplated by Supreme Court Rule 308. The certified question requires this court to determine whether, based on the facts adduced at hearing, the trial court abused its discretion.
>
> While there appear to be differences between the parties as to the evidence or lack thereof, it is appropriate for us, given the structure and complexity of the question certified, to consider this as a mixed question of law and fact." 214 Ill. App. 3d at 998.

The majority's conclusion that "it is appropriate for us, given the structure and complexity of the question certified, to consider this as a mixed question of law and fact" is not supported and untenable. There is no mixed or pure question of law in the question identified by the trial court. Moreover, if the question identified by the trial court "is not, strictly speaking, a 'question of law' as contemplated by Supreme Court Rule 308," then the plaintiff's petition for leave to appeal should have been denied for lack of appellate jurisdiction. We have no jurisdictional authority to expand Supreme Court Rule 308 by

granting petitions for leave to appeal that are not contemplated by Supreme Court Rule 308.

Under the circumstances, the plaintiff's petition for leave to appeal should have been denied because the question identified by the trial court does not come within the purview of Supreme Court Rule 308. The order granting the petition for leave to appeal should therefore be vacated and the appeal dismissed for lack of jurisdiction.