NOTICE

Decision filed 03/25/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0178

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| F. RYAN BEMIS, d/b/a Frank Bemis & Associates, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05-L-152 |
| | ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) | |
| | ) | Honorable |
| | ) | Barbara L. Crowder, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Justice Stewart concurred in the judgment and opinion.
Justice Donovan specially concurred, with opinion.

**O P I N I O N**

The defendants, Safeco Insurance Company of America and Safeco Insurance Company of Illinois (Safeco), appeal, pursuant to Illinois Supreme Court Rule 306(a)(8) (eff. Sept. 1, 2006), the March 25, 2009, order of the circuit court of Madison County that granted the motion of the plaintiff, F. Ryan Bemis, doing business as Frank Bemis & Associates (Bemis), to certify count I of his first amended complaint, alleging a breach of contract, as a class action. For the following reasons, we reverse and remand.

FACTS

In his first amended class action complaint (complaint), Bemis alleges that he is a doctor of chiropractic medicine and treated Thatcher Levi, one of Safeco's insureds, in and before 2002 for injuries sustained in an automobile accident for which Mr. Levi was entitled

1

to coverage under the medical payments provision of his Safeco policy. The complaint alleges upon information and belief that the medical payments provision in Mr. Levi's Safeco insurance policy provides that Safeco will pay reasonable expenses for necessary medical services incurred as a result of a covered accident. According to the complaint, Mr. Levi assigned his claim for medical payments coverage under the Safeco policy to Bemis. Bemis submitted a bill to Safeco for $75 for a physical performance test he provided to Mr. Levi on December 23, 2002, identified by current procedural terminology (CPT) Code 97750. According to the complaint, Safeco made a $9.05 reduction of this bill and paid Bemis $65.95 for that procedure.

Exhibit A to the complaint is an explanation of review (EOR) that accompanied Safeco's payment to Bemis and reflected the $9.05 deduction. According to the EOR, the date of the accident for which the medical payments coverage applied was November 23, 2002. CPT Code 97750 was "[r]eimbursed according to UCR 80th percentile data." The complaint alleges that this reduction was produced by a computerized review of Bemis's bill using biased software, which "re-prices" medical procedures to a predetermined maximum percentile. Count I of the complaint alleges a cause of action for a breach of contract on the basis that Safeco breached the insurance contract by failing to pay the full amount of medical expenses Mr. Levi incurred. Although the complaint also contained counts alleging causes of action for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2006)) and unjust enrichment, these counts were not the subject of Bemis's subsequent motion for class certification and thus are not a subject of this appeal.

Safeco filed a motion to dismiss count I of the complaint, arguing that Mr. Levi did not make a valid assignment of his claim to Bemis and that, thus, Bemis did not have standing to pursue a breach-of-contract claim. The circuit court denied the motion to

2

dismiss. Subsequently, Safeco filed an answer to the complaint, attaching a copy of Mr. Levi's insurance policy. Under the terms of the medical payments coverage of Mr. Levi's policy, Safeco agreed to pay "the usual and customary charges incurred for reasonable and necessary medical *** expenses because of bodily injury caused by an accident." Thereafter, Bemis filed an amended motion for class certification, which included a request to certify a proposed class as follows:

"All persons insured by Safeco property and casualty insurance companies in the states of Arkansas, Colorado, Connecticut, Illinois, Indiana, Iowa, Mississippi, New Hampshire, New Mexico, Ohio, South Dakota, Texas, Wisconsin and West Virginia (and their assignee medical providers), who:

(a) during the period from February 11, 1995, to the date of this Order, submitted one or more claims for payment of medical expenses pursuant to an automobile policy's medical payments coverage;

(b) had their claim(s) adjusted and reviewed by computer bill review software incorporating Ingenix 'MDR modules;' and

(c) received or were tendered payment in an amount less than the submitted medical expenses due to charges purportedly exceeding the usual, customary or reasonable amount, based on the Ingenix 'MDR modules.' "

Excluded from the class are "persons whose medpay coverage expressly reserved the right to use 'computerized databases' to review reasonableness of expenses" and "persons whose claims were referred to Safeco's Special Investigative Unit and were found fraudulent." Also excluded were any claims for which the insurer paid an amount other than the amount recommended by the computer database, claims based on payments pursuant to state-mandated fee schedules, claims by members of the Illinois judiciary, and claims by any officer or director of Safeco and their immediate family members.

3

At a hearing on the amended motion for class certification, counsel for Bemis indicated to the circuit court that Bemis was only requesting class certification on the breach-of-contract claim stated in count I of the complaint. On March 25, 2009, the circuit court entered an order certifying the class as defined in the amended motion for class certification set forth above. Safeco filed a timely petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(8) (eff. Sept. 1, 2006), which a divided panel of this court denied on February 5, 2010. On May 26, 2010, the Illinois Supreme Court issued a supervisory order directing this court to vacate the prior order and to grant the petition for leave to appeal. *Bemis v. Safeco Insurance Co. of America*, 236 Ill. 2d 550 (2010). On July 2, 2010, this court granted Safeco leave to appeal.

ANALYSIS

We begin our analysis with a statement of the applicable standard of review. "Decisions regarding class certification are within the sound discretion of the trial court and should be overturned only where the court clearly abused its discretion or applied impermissible legal criteria." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125-26 (2005) (citing *McCabe v. Burgess*, 75 Ill. 2d 457, 464 (1979), and *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995, 1001 (1991)). However, the trial court's discretion must be exercised within the bounds of section 2-801 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-801 (West 2006)), which sets forth the four prerequisites that the proponent of class certification must establish before the class may be certified. *Avery*, 216 Ill. 2d at 126. These were explained in *Avery* as follows:

"(1) numerosity ('[t]he class is so numerous that joinder of all members is impracticable'); (2) commonality ('[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members'); (3) adequacy of representation ('[t]he representative parties will

4

fairly and adequately protect the interest of the class'); and (4) appropriateness ('[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy')." *Id*. at 125 (quoting 735 ILCS 5/2-801 (West 1998)).

On appeal, Safeco focuses primarily on the second requirement of section 2-801 of the Code (735 ILCS 5/2-801 (West 2006)), arguing that common questions of fact or law do not predominate over the questions affecting only individual class members. In order to satisfy the commonality requirement, the proponent of class certification must show that the " 'successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members.' " *Avery*, 216 Ill. 2d at 128 (quoting *Goetz v. Village of Hoffman Estates*, 62 Ill. App. 3d 233, 236 (1978)). Where this test is met, " ' "a judgement in favor of the class members should decisively settle the entire controversy, and all that should remain is for other members of the class to file proof of their claim." ' " *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 449 (2006) (quoting *Southwestern Refining Co. v. Bernal*, 22 S.W.3d 425, 434 (Tex. 2000) (quoting *Life Insurance Co. of the Southwest v. Brister*, 722 S.W.2d 764, 772 (Tex. Ct. App. 1986))).

"Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class." *Id*. (citing *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)). "Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law." *Id*. (citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)). "The test for predominance is not whether the common issues outnumber the individual ones, but whether common or individual issues will be the object of most of the efforts of the litigants and the court." *Id*. at 448-49 (citing *Southwestern Refining Co.*, 22 S.W.3d at 434). Accordingly, in order to

5

review the circuit court's finding regarding commonality and predominance, we must examine the substance of Bemis's breach-of-contract claim.

In count I of the complaint, Bemis alleges that Safeco breached its insurance contract with Bemis's patient, Mr. Levi, by reducing the bill Bemis submitted to Safeco for Mr. Levi's treatment by $9.05. In order to recover for a breach of contract, Bemis must prove the existence of a valid contract and assignment, the terms of the contract, full performance by the assignor of the contract's provisions, and Safeco's breach of the contract's terms. See *Perlman v. Time, Inc.*, 133 Ill. App. 3d 348, 353 (1985). The insurance contract at issue requires Safeco to pay "the usual and customary charges incurred for reasonable and necessary medical *** expenses because of bodily injury caused by an accident." Therefore, in order to show that Safeco breached the insurance contract, Bemis will need to prove that the charge he submitted was usual and customary and that the charge was incurred as a reasonable and necessary medical expense.

Bemis argues that the predominant issue in this case is whether the computer database utilized by Safeco is inaccurate and whether the use of the database justifies a limitation of payment under the medical payments provision of the policy. However, if Bemis is successful in proving this, it does not follow that all the other class members submitted usual and customary charges representing reasonable and necessary medical expenses. Whether the usual and customary charge for a class member's reasonable and necessary medical expenses went unpaid is not a common question but is an individual question that will have to be answered for each claimant. Because proof that the usual and customary charge for one class member's reasonable and necessary medical expenses went unpaid would not establish a right of recovery for any other class member, common issues do not predominate. See *Avery*, 216 Ill. 2d at 128 (quoting *Goetz v. Village of Hoffman Estates*, 62 Ill. App. 3d 233, 236 (1978)).

6

The theory Bemis advances, which is that all the bills submitted by a medical provider are presumed to reflect usual and customary charges for reasonable and necessary medical services under the terms of the insurance contract, is contrary to Illinois law, and the cases he cites in support of this theory are inapplicable. In Illinois, there is no presumption that a billed charge is a usual and customary charge for a reasonable and necessary medical service. See *Victory Memorial Hospital v. Rice*, 143 Ill. App. 3d 621, 624-25 (1986). Evidence would be required, on an individualized basis, in order to determine whether Safeco breached its contract to pay the usual and customary charge for reasonable and necessary services for each class member. More importantly, Safeco has the right to rebut that evidence on an individual basis and show that any charges it failed to pay were not usual and customary charges for reasonable and necessary medical services. The issue of whether each bill contains the usual and customary charge for reasonable and necessary medical services would be "the object of most of the efforts of the litigants and the court" (*Smith*, 223 Ill. 2d at 448-49 (citing *Southwestern Refining Co.*, 22 S.W.3d at 434)) in adjudicating the breach-of-contract claims of the class members.

Finally, we note that there is a split of authority under Illinois law regarding what contractual language amounts to an assignment versus an authorization for payment. See *Robert S. Pinzur, Ltd. v. The Hartford*, 158 Ill. App. 3d 871, 876 (1987); *cf. Loyola University Medical Center v. Med Care HMO*, 180 Ill. App. 3d 471, 475-76 (1989). We find this to be another potential individualized issue that would prevent class certification. Accordingly, the commonality requirement of section 2-801 of the Code is not met in this case.

## CONCLUSION

For the reasons set forth above, the March 25, 2009, order of the circuit court of Madison County that granted Bemis's motion to certify count I of his first amended

7

complaint, alleging a breach of contract, as a class action, is reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed; cause remanded.

JUSTICE DONOVAN, specially concurring:

I concur with the majority that, based on the record presented, the class certification should be reversed and the cause remanded to the circuit court. I agree that a billed charge, in and of itself, is not sufficient proof that the charges therein are reasonable or usual and customary. In this case, the circuit court incorrectly accepted Bemis's argument that the reasonableness of his bill and the bills of the class members could be proven by simply submitting their billed chiropractic charges. This streamlined method of proof was central to the court's decision to certify the class.

I do not agree with the majority that testimony on an individual basis is the only way that Bemis can prove the reasonableness of his or the class members' charges. Bemis can establish reasonableness "by introducing the testimony of a person having knowledge of the services rendered and the usual and customary charges for such services" (*Arthur v. Catour*, 216 Ill. 2d 72, 82, 833 N.E.2d 847, 853-54 (2005)). Once the witness is shown to possess the requisite knowledge, the reasonableness requirement necessary for admission is satisfied if the witness testifies that the bills are fair and reasonable. *Arthur*, 216 Ill. 2d at 82, 833 N.E.2d at 853-54. In this case, Safeco used expert testimony to determine the amount it paid to Bemis and the other potential class members. Its decision to reimburse according to "UCR 80th" percentile data was not arrived at by an individual analysis of each class member's bill. On remand, Bemis should be allowed to make a showing that he can present expert testimony, based on data relied on by experts in the field, that would establish that Safeco

8

did not pay the reasonable or usual and customary charges for treatments he and the other class members provided to their patients. Bemis should be allowed to prove reasonableness in the same fashion Safeco determined reasonableness.

I concur in all other aspects of the majority's opinion.

NO. 5-09-0178

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| F. RYAN BEMIS, d/b/a Frank Bemis & Associates, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05-L-152 |
| | ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) | Honorable Barbara L. Crowder, |
| Defendants-Appellants. | ) ) | Judge, presiding. |

**Opinion Filed**:      March 25, 2011

**Justices**:      Honorable Stephen L. Spomer, J.

Honorable Bruce D. Stewart, J.,
Concurs
Honorable James K. Donovan, J.,
Specially Concurs

**Attorneys for Appellants**      Thomas Q. Keefe, Jr., Thomas Q. Keefe, Jr., P.C., #6 Executive Woods Ct., Belleville, IL 62226; Randal K. Mullendore, Robyn D. Buck, Mairi Lough, Husch Blackwell, LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105

**Attorneys for Appellee**      Timothy F. Campbell, Campbell & McGrady Law Office, 3017 Godfrey Road, P.O. Box 505, Godfrey, IL 62035; Robert W. Schmieder, Jonathan B. Piper, Andrew W. Kuhlmann, LakinChapman, LLC, 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-0229