(No. 19704.

ANNA HANKEY *et al.* Defendants in Error, *vs.* WILLIAM VANSCYOC, Plaintiff in Error.

*Opinion filed February 21, 1930—Rehearing denied April 3, 1930.*

RIDGLEY & RIDGLEY, and KENNEDY & KENNEDY, (ORMAN RIDGLEY, and KAYWIN KENNEDY, of counsel,) for plaintiff in error.

SHURTLEFF & NIEHAUS, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Defendants in error, Anna and Henry O. Hankey, brought an action of trespass against plaintiff in error, William VanScyoc, and the trial resulted in a verdict and judgment in favor of the plaintiffs against defendant for one dollar. Plaintiff in error has prosecuted this appeal.

The controversy arises out of this state of facts: In 1901 plaintiff in error became the owner of the east half of the northwest quarter of section 33, township 26, in Woodford county. A former owner had more than fifty years ago planted a hedge fence along and near the west boundary line of the eighty acres. The hedge extended for about ninety rods in a southerly direction from an east and west public highway running along the north side of the quarter section. In 1923 defendants in error acquired title, as joint tenants, to the west half of the same quarter section. Fifty or more years ago the west eighty acres were owned by E. C. Yerion, who built a barbed wire fence on the east side of that eighty. There was a space between the hedge fence and the barbed wire fence west of it, which was about twenty feet wide at the north end and nine feet wide at the south end, and both parties claim to own and be in possession of that strip, constituting a lane. The wire fence built by the owner of the west eighty has decayed and been destroyed but the hedge fence still stands. Fence viewers met on the premises in 1924 to settle the dispute which had arisen about the right of defendants in error to maintain a hog wire fence against the hedge. They had placed the wire there and plaintiff in error had ordered them to remove it. The viewers had a survey made of the line between the two eighties. The county surveyor, assisted by an engineer who is superintendent of Woodford county highways, made the survey and located the line about where the owner of the west eighty had built the barbed wire fence fifty or more years ago. Defendants

in error claim they have had possession of the strip west of the hedge more than twenty years, which claim was disputed by plaintiff in error.

The briefs of both parties claim the proof shows that each party had possession of the strip in dispute. Defendants in error practically rely upon the testimony of Earl Shepherd to show that they had had possession of the land more than twenty years. Shepherd testified that for about sixteen years he lived on the west eighty acres of land now owned by defendants in error, twelve years of the time being immediately prior to 1923; that he had known the strip of land in controversy for thirty years; that his uncle had lived on the eighty acres east of him; that the strip was not level but was high on each side and cut out where the stock ran up and down over it. He stated there was no fence along the east side of his eighty west of the hedge and that he used the strip of land in question right up to the hedge fence. He also testified that he had a talk with Hankey, who had bought the west eighty, just before Hankey moved onto it in 1923, and he told Hankey that VanScyoc owned the hedge and that the ground outside the hedge surrounding the land there was not part of the west eighty.

Plaintiff in error testified he had known the two eighty-acre tracts for over sixty years. He acquired the east eighty from the Smiser brothers in 1901. He used the strip in controversy after he bought the land and drove his cattle over it to and from the pasture which he had at the south end of the lane and nobody ever questioned his right to use the strip. At first there was a rather poor wire fence along the west side of the lane. After witness quit using the lane he built a fence across the north end of it, along the public road and about sixteen or eighteen feet west of the hedge. The fence along the east line of the west eighty fell down after witness had owned the east eighty about three years. He further testified that when the survey was

made of the, line between the two eighty-acre tracts the surveyor drove stakes along the line, and witness put fence-posts on the east side of the stakes.

Defendant in error Hankey denied that Shepherd ever told him the hedge belonged to plaintiff in error, and Shepherd reiterated that he did tell him the hedge belonged to VanScyoc.

This is the most material evidence relating to the position and use of the disputed strip, and in our judgment falls far short of proving that defendants in error had possession for twenty years. The presumptions are in favor of the owner of the real title to the land, and to take it away from him on the claim of possession for twenty years the proof must show that the claimant possessed it for twenty years, claiming title and exercising rights of ownership over the land. The possession must be open, notorious, hostile and adverse and must be uninterrupted for a period of twenty years. (*New York Central Railroad Co.* v. *Kinsella,* 324 Ill. 339; *Schmitt* v. *King,* 316 id. 239; *Horn* v. *Metzger,* 234 id. 240; *White* v. *Harris,* 206 id. 584.) It does not follow that because the owner of land, in fencing it, leaves an outer strip he designs to give it to some other person. (*Proctor* v. *Town of Lewistown,* 25 Ill. 153.) The surveyor, who was assisted by the county highway engineer in locating the line between the two eighties, was a competent, careful surveyor, and we accept his survey as being the correct and true line. Adverse possession cannot be made out against the true owner by inference or implication but must be established by clear, positive and unequivocal proof. *Jones* v. *Scott,* 314 Ill. 118.

Considerable space in the briefs is devoted to the pleadings and to the admission of testimony, but in our view these are immaterial questions. It seems.to us clear that defendants in error did not prove title by possession, and, the survey showing the line was west of the disputed strip,. the evidence failed to sustain the plaintiff's cause of action

and the verdict and judgment should have been for the defendant.

The court erred in sustaining the verdict and rendering judgment thereon. The judgment is therefore reversed and the cause remanded.    *Reversed and remanded.*