EQUILEASE CORPORATION, Plaintiff-Appellee, *v.* CATTLEMEN'S FREEZER MEATS, INC., Defendant-Appellant.

(No. 57922;

First District (1st Division)—June 18, 1973.

2

PER CURIAM.
BURKE, P. J., took no part.

Equi, Farwell, Rickelman & Proteau, of Oak Park, (William F. Rickelman, of counsel,) for appellant.

Gale L. Marcus, of Chicago, for appellee.

PER CURIAM:

Equilease Corporation, plaintiff, brought an action against Cattlemen's Freezer Meats, Inc., also known as Cattlemen's Quality Meats, Inc., defendant, to recover the balance due under the terms of a lease agreement for certain equipment. A summary judgment was entered in favor of the plaintiff for $1023.09 and costs.

The question presented for review is whether there was a genuine issue as to any material fact thereby making the entry of the summary judgment improper. The law on summary judgment is well settled.

Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 57(3) provides that a summary judgment should be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment or decree as a matter of law."

    A summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt. (*Lumbermen's Mutual Casualty Co. v. Poths* (1968), 104 Ill.App. 2d 80, 243 N.E.2d 40.) It is not a trial by affidavit. (*Watkins v. Lewis* (1968), 96 Ill.App.2d 182, 188, 237 N.E.2d 830.) Affidavits in support of a motion for summary judgment should be strictly construed and must leave no question as to the movant's right to judgment, whereas the opposing party's counter-affidavits should receive a liberal construction. (*American Nat. Bank & Trust Co. v. Lembessis* (1969), 116 Ill.App.2d 5, 253 N.E.2d 126.) The purpose of a summary judgment procedure is to determine whether there is a genuine issue of material fact, not to try it. (*Standard Oil Co. v. Lachenmyer* (1972), 6 Ill.App.3d 356, 360, 285 N.E.2d 497, 500; *Gabriel v. Suess* (1973), 10 Ill.App.3d 178 (Abst.), 294 N.E.2d 88.) Thus, the inquiry of the court should be whether the pleadings and affidavits considered by the trial court disclose a genuine issue as to any material fact and if they do not, whether the plaintiffs are entitled to judgment as a matter of law.

    Applying the foregoing law to the facts in the case at bar, it is apparent that genuine issues of material fact do exist. The lease agreement attached to the complaint as Exhibit 1 discloses many apparent changes and alterations. The address of the alleged lessee, Cattlemen's Freezer Meats, Inc., has been changed from 850 West Madison Street, Oak Park, Illinois, to 4955 Dempster Avenue, Skokie, Illinois. The bank of the lessee has been changed from the National Bank of Austin to the First National Bank of Skokie. The name of the lessee at the bottom of the lease agreement has apparently been changed from Cattlemen's of Skokie, Inc., to Cattlemen's Freezer Meats, Inc. The signature of William David Evans as the authorized signature for the Equilease Corporation has been nullified and the name Albert Frangi substituted therefor.

    The answer of the defendant of the plaintiff's interrogatories filed May 27, 1971, and the defendant's answer and affidavit to the motion for summary judgment filed September 10, 1971, state that the defendant did not sign the lease agreement and never had possession or control of the equipment described in the lease agreement; that the lease agreement was not signed on behalf of the Cattlemen's Freezer Meats, Inc., but rather on behalf of Cattlemen's of Skokie, Inc.; that the leased equipment was never delivered to the defendant's address at 850 West Madison Street, Oak Park, Illinois, because the lease agreement shows upon its face that it was delivered to 4955 Dempster Street, Skokie, Illinois;

that the defendant never saw said equipment; and the defendant never made any payment to the plaintiff.

In the affidavit of William David Evans, filed February 9, 1972, he stated that at the time he affixed his signature to the lease agreement he did so on behalf of Cattlemen's of Skokie, Inc., and not on behalf of the defendant, Cattlemen's Freezer Meats, Inc. The answer of the defendant to the motion of the plaintiff for summary judgment, filed February 9, 1972, stated that the plaintiff is not entitled to a summary judgment because "there is a general [sic] issue of a material fact in dispute, namely, as to whether or not the contract shown as Plaintiff's Exhibit 1 was, in fact, executed on behalf of the defendant corporation, when on its face said contract appears to have been altered."

In addition, there are photostatic copies of checks payable to Equilease Corporation issued pursuant to the lease agreement. The cancelled check dated January 9, 1969, was issued by Falcon Enterprises, Inc., a holding corporation for Cattlemen's of Skokie, Inc., and the three other cancelled checks for subsequent payments were issued by Cattlemen's of Skokie, Inc.

Finally, the affidavits of Harold D. Hill should be reconciled. On January 27, 1972, the affidavit of Harold D. Hill was filed by the plaintiff in which he stated that on January 20, 1969, he was employed by Cattlemen's Freezer Meats, Inc. as manager of its Oak Park office, located at 850 West Madison Street, Oak Park, Illinois, and that he received certain equipment on that date as described in Exhibit 1 and that he signed a receipt therefor. A subsequent affidavit of Harold D. Hill was filed on February 15, 1972, in which Hill stated "that on January 20, 1969, when he received certain equipment described in Plaintiff's Exhibit 1, he received said equipment on behalf of Cattlemen's of Skokie, Inc."

The record does not show the disposition of plaintiff's motion to strike the answer to the interrogatories of May 6, 1971, or the disposition of the plaintiff's motion filed January 27, 1972, to strike certain portions of the answer and plaintiff's motion to strike and dismiss the counterclaim.

■■ The plaintiff argues that the defendant is estopped to assert the defense that it did not execute the lease agreement because the defendant was the real party in interest. Whether the defendant was the real party behind the transaction is a question of fact. (*Joseph D. Foreman & Co. v. Neri* (1972), 6 Ill.App.3d 313, 315, 285 N.E.2d 528.) The plaintiff also argues that it is entitled to additional attorney's fees and costs in accordance with the provisions of the lease agreement. These additional issues should also be decided by the trial court.

The pleadings and affidavits raise genuine issues as to material facts

and, therefore, the trial court should not have entered an order for summary judgment. *Smith v. Traveler's Insurance Co.* (1971), 131 Ill. App.2d 476, 266 N.E.2d 695.

The order of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

Mr. PRESIDING JUSTICE BURKE took no part in the consideration or decision of this case.